The first argued case is Reba Abraham-Pierce v. MSPB, 2022-1148. Mr. Solomon. Good morning and may it please the Court. My name is James Solomon and I am representing Ms. Reba Abraham-Pierce. At the outset, it is important to emphasize that we are here to determine mere jurisdiction before the Board. Ms. Pierce brought her concerns to the Merit Systems Protection Board seeking to have her day in administrative court, and we are here because she is entitled to have her claims heard and adjudicated on their merits. Unlike similar bodies like the EEOC, the Board has no mechanism for summary judgment. Though this may be frustrating for administrative judges with full dockets, the Board's administrative judges cannot be allowed to heighten jurisdictional standards so high that a small hurdle becomes an impermissible barrier to seeking justice. It does not appear to be contested that personnel actions were taken. What is contested is whether Ms. Pierce's disclosures were protected and whether some of these personnel actions were exhausted before the Office of Special Counsel. Well, there were some protected disclosures apparently and they were exhausted, but it was found that there were no non-frivolous allegations of wrongdoing. And then there was apparently a protected activity, but she failed to raise that with the OSC. So how do you overcome these findings? Yes, Your Honor. So when I say protected, I'm specifically referring to activities that were considered disclosures under 2302b-8. And these findings were based primarily that the first finding was based around an FMLA violation. So under the Family and Medical Leave Act, 29 CFR 825-215A requires that when an employee returns from FMLA, the position is one that is virtually identical to the employee's former position in terms of pay, benefits, and working conditions, including privileges, prerequisites, and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority. If we look at the administrative judge's decision, he cites the case. Sorry, what were you just reading from, please? From 29 CFR 825-215, which is the relevant portion of the FMLA that Ms. Pierce said was violated. It's CFR. That's not the FMLA. Well, it's the regulations. It's the FMLA regulations. Yes, I apologize. It's important to be very precise about this. Yes, so the regulations implementing the FMLA that Ms. Pierce deemed violated. The administrative judge disagreed, and here the board argued that she was put back into an equivalent or substantially similar duties. I thought the administrative judge said she was put back into the same position. Yes. And these are two different options, same position or equivalent position, right? Yes, so it has to be an equivalent position or the same or substantially similar duties. I'm sorry. You keep skipping 630.1210A1. You have to be put in the same position or A2, an equivalent position, and the stuff you're saying about what it means to be equivalent is certainly right, but that stuff doesn't apply to same position. Isn't that part of the issue? Yes, so what we argued in the brief is that a position is not equivalent, is not the same if it's not equivalent. And I also cited to Davis versus Munster, obviously this court does not frequently adjudicate FMLA issues, so I looked outside to other districts, and there were 15 officers employed by a hospital, and one of those officers whose position title was officer was returned to an officer position. Right, so title alone probably in general isn't enough, but we're talking about this incredibly highly reticulated federal civil service system with a very specific job classification. This is what general attorney GS-13-0095 or something, and there's a whole job description which does not restrict the duties by subject matter. Why is it proper to, in effect, alter this regulatory language to say that within the civil service system, unlike in a private employee world where titles can be anything, that if you put somebody back into that very same general attorney GS-13-0095 position where a range of subject matter duties are assignable by the supervisor, she started in that up until April. She was doing a different part of that range of duties, but she came back in June. She was doing different duties, but all within the same job description. Why is that, as a matter of law, not sufficient? Well, Your Honor, I would start with the position that just because the federal circuit or the federal employment sector delineates these in-detail job descriptions, it doesn't change the fact that in private sectors they have kind of these general details about what the job description is. What the FMLA looks at is the actual duties that were performed, and I think if we looked at a private sector example of somebody who is an associate attorney doing one area of casework, let's say white-collar crime, and they go on FMLA and they're told, well, now you're doing alcohol and food beverage policy, that's a substantial enough change to their duties where you're completely changing an attorney's practice area. And if you look at the intent behind the FMLA, we're looking not to disadvantage women that become pregnant and have to take time off from the workplace. And Ms. Pierce went from having an independent ethics caseload in a specialized practice area to performing what were essentially law clerk duties, helping out piecemeal on other attorneys' work. I'm sorry, are we now talking pre-leave? There was a phasing out. From mid-December until mid-April when the leave started, there was phasing out of her management of ethics so that that could be transitioned to somebody who was going to be there. And then when she came back at the end of June, that's the restoration provision of the FMLA that was kicked in. Yes. Have you made both arguments as to an FMLA violation as to both of those periods, the pre-April transition and the post-June return? No. Obviously, Your Honor, I don't think it would be impermissible for them to temporarily transition her off of those duties. But then she started asking for timelines of how will I be restored, and that wasn't responded. Then when she came back and this was elevated, other personnel actions were taken. After she went to her second-line supervisor saying they're violating my FMLA rights, a month later they decided to terminate her. So that's kind of the timeline we're looking at. So she raises these issues to her second-level supervisor, and everything just becomes worse. When was there an FMLA violation, according to, say, your blue brief? Once again, there obviously is an implied transition time back. So there's not a specific date, but sometime between her return. Did you argue in your blue brief that there was an FMLA violation before she left in April? No. But upon her return, obviously if there's a week or two getting back to transition her back into her caseload, we wouldn't argue that there was an FMLA violation. But by the time she's raising these issues, it's documented in the October 2nd emails that I believe are on our appendix pages 143 to 145. At that point, she is alleging that there was definitely an FMLA violation taking place, and she elevated it to her second-line supervisor, as implied in those emails. There's also extensive oral discussions about this. But I want to go back to this court in Korthel, the Department of Homeland Security, and the case is cited therein. Part of your argument is that she was this ethics subject matter specialist before she went on her leave? Yes, so she was independently managing the ethics caseload. As a general attorney, wasn't she also, before she started doing the ethics, she was doing other things as well? If you go back enough years, so there was... What I'm trying to get a snapshot is on, she's hired as a general attorney, and under the rules on the form document, the 0905, she can work in just general topics or in two or more of the sort of assigned topics. And I got the impression that she was sort of doing whatever she was being asked of her in the beginning, and she's in a probationary period. Yes. Right? So I thought, although, yes, she had some... Right at the time she's leaving to go on duty, she's doing primarily ethics work with, I gather, some work on financial disclosures maybe? Yes, so there was actually... Trying to look at what the nature of the position was, it looked like she was doing more than one thing before she went on leave. Yes, so there's actually three different periods prior to the transitioning out where, I believe just for a couple months when she was first hired, she was being introduced into the practice generally, and she was very quickly put on ethics work. Originally, she wasn't supervising and managing her own caseload. She was under another attorney who was kind of leading the ethics work, and eventually she was transitioned into that lead attorney on the ethics work. So there was two different transitions, but by the time she was... I just got the feeling that because it was a probationary appointment, sort of like a trainee in the time up to her taking the leave, and when she came back she was put back in a trainee-type position. Well, all the attorneys... To do whatever was sort of... Whatever needed to be done in the office at that time. So all the attorneys that were working this office, for the most part, had their kind of specialized practice areas. There was at least one position that was an overfill position that was occupied by one employee at the time Ms. Pierce went on FMLA. They shuffled things where that person kind of took over full-time a practice area, and there were no positions left that had full-time practice areas. That's why I classified in my arguments just now that she was essentially put into an over-hire position. She was the one attorney that didn't really have a niche within the office. She went from having a niche independently managed to not having a niche in the office. There's nothing in the record about whether probationary hires are treated differently in terms of the kind of work they're given and whatnot, because the probationary period is obviously to let the employer have a look at the employee to decide whether they want to continue them, right? Yes. Because a probationary employee doesn't have very many rights if they're terminated before the protectionary period is over, right? Yes. And I think we need to look kind of at the intent behind the FMLA. We don't want pregnant women to have their careers torpedoed if they have to go out and go out on pregnancy leave. Into your rebuttal time, you can continue or save it as you wish. Yeah, I'll just briefly go into the- I just have one question about the record. There's much talk in the briefs about the June 19, 2019 meeting between Mr. Pax and your client, right? Yes. And in the supplemental appendix from the government at 80 and after, there's what appears to be the minutes taken by Brooks Moore. Can I treat that as a true and accurate statement of what happened at that meeting? The stuff that's in the record looks like it's been typed up. I can't tell. Yes. So I believe there were a couple minor caveats to that in the brief that we addressed, but for the most part, that was the true and accurate. I'm not prepared to fully say this. Is there anything that happened at that meeting that's not reflected in these notes? Your Honor, I apologize. I would have to re-review the brief to see if we put any specific caveat to that. I do want to kind of wrap up here by going back to Corthell, where this court expanded out kind of protections of the Whistleblower Protection Act, and they cited to other cases in which those protections were expanded and the intent behind it. So this court explained protections to be perceived V-8 whistleblowers, in which who made no disclosure but were mistaken for somebody who had, were protected in King v. Army. And then Special Counsel v. Navy, they point out that the failure to expand protections would have a chilling effect, contravening the purpose of the statute. And then in Corthell, it was somebody that was perceived to have filed OIG. And the point I'm making here is Ms. Pierce's second-line supervisor never in that email chain said, I don't think there was an FMLA violation. So if we're talking about here on appeal or in the MSPB arguments that, you know, if the board persuades this court that there was no FMLA violation, what truly matters is did Ms. Pierce's second-line supervisor believe that Ms. Pierce disclosed the violation of law, rule, or regulation? Because I don't see any reason she should be treated any differently than somebody who is mistaken as a whistleblower, as long as her second-line supervisor believes that she disclosed what is a violation of law, rule, or regulation. That is something that would be obviously important at the factual level, at the board level. But we have not had a chance to argue on the facts because we were dismissed on jurisdiction. As far as exhaustion, this case was the removal was stayed by the Office of Special Counsel. So I do not understand where the administrative judge believes that the Office of Special Counsel was not aware of the termination. They also cite two pages in the record that Ms. Pierce had provided to the Office of Special Counsel, including appendix page 117 in paragraph 8, and emails starting on appendix 119 where she specifically talks about the termination and the settlement ultimatum. So these issues were both exhausted, and therefore, any personnel action taking place is related back to that protected activity of discussing this with the Office of Special Counsel. Thanks, but that's all the time I have. Yes, your time is fully exhausted, but since we asked you a number of questions, we'll give you two minutes for rebuttal. Thank you. Ms. Shabacker? Good morning. May it please the Court. The MSPB administrative judge correctly dismissed this was a lower individual right of action appeal on the grounds that Ms. Pierce failed to demonstrate that she exhausted any protected activity before OSB and failed to non-frivolously allege that any of the three alleged protected disclosures raised before OSB were actually protected. Since your friend on the other side ended with some words about the protected activity, can you start there and explain why the claim of disclosure of retaliation for filing the complaint was not really presented to OSC, which obviously had the complaint? Yes. The requirement is not that OSC be aware from intervening events that there was an OSC complaint. She must present her claim that she was retaliated against for OSC activity before OSC, and I believe that... Could that have been done not by filing a second complaint, but in the course of her elaborating on the complaint that she originally filed, which obviously could not have been about post-complaint actions? Of course. If she had alleged or provided emails or any evidence, a sworn declaration, that she raised a claim of retaliation for OSC activity before OSC, then that would have been exhausted, but she never provided anything before the administrative judge to suggest that she returned to OSC to allege retaliation for OSC activity. The phrase returned to OSC, so I'm envisioning a process where she files... This is in early October, is it? She files her OSC complaint. I believe it was November 2nd. November 2nd, okay. And then are there further submissions that she makes to OSC in support of her November 2nd complaint? Before the board, she submitted follow-up emails to the OSC complaint examiner. I believe they were from November 2nd and maybe November 3rd, and these do not discuss any retaliation for going to OSC. Is that the sum total? That's all that she provided, yes. So absent any evidence of exhaustion of a claim of OSC retaliation before the board, the administrative judge properly dismissed that part for lack of jurisdiction and found that there was no exhaustion of protected activity. What is your response to your adversaries pointing to paragraph 8 in the submission that's at A117? That's what I heard Ms. Pierce counsel to point to as sufficient disclosure. Appendix 117. It wasn't in the document she was resubmitting. It's in A117 of the joint appendix. I just looked at it because that's what I understood counsel from Mr. Pierce. He can correct me, but that's what I thought he was saying. That was his view of the proof that she had sufficiently raised. I believe that she notified OSC that she believed that the settlement agreement was... It was a notice of separation. That is to say I'm being fired and the proposed settlement agreement or a last-minute effort to deprive me of rights. It's on 117 of the white, not the supplemental appendix, but it's the appendix. I'm just curious because that's what I thought Ms. Pierce counsel was pointing to. I understood that he was arguing that he exhausted a claim of personnel action of termination or that Ms. Pierce exhausted the claim of termination, which MSPB doesn't dispute. I believe the administrative judge found that the termination personnel action was exhausted. What we believe was not exhausted was a claim of protected activity for going before OSC. What's the date on this email? The date is... I believe it's cut off, but it might be on the second page. On appendix 119, it says November 3rd. You can see that she was communicating with Office of Special Counsel on November 3rd and November 2nd. On page 120, I believe, is the date of that email. We don't dispute that she notified OSC that she was being terminated and that she believed that the pro-offered settlement agreement was improper, but that doesn't reflect an exhaustion of any protected activity. Regarding Ms. Pierce's allegations regarding the FMLA violation, we must look to what she actually alleged before the board. In her jurisdictional submission, the extent of her alleged disclosures occurred between January 2020 and November 2020 when she requested FMLA reinstatement with long-term duties and a full-time workload. She didn't provide any information to the administrative judge that the duties she was performing upon her return from leave were materially different from those that she was performing before she took leave. Her belief that she was entitled to a dedicated practice area does not state a non-frivolous allegation of an objectively reasonable belief in a violation of the FMLA. It seems to me you have two points. One is, it doesn't matter what the duties are, at least within this job description, because she was returned to the same position. And the second position is, even if some sort of equivalence is required, she didn't state enough to show that what she got later was not equivalent. Exactly. Under the first prong that she's entitled to be returned to the same position, I take Ms. Pierce's argument to also be, and especially in connection with the district court case she cited, that she wasn't, in fact, returned to the same position. And we don't dispute that title and pay may not be dispositive of whether you've been returned to the exact same position. If you make allegations to raise a question of fact, that you were performing materially different functions and duties. But she failed to do so. I believe that she was returned to the exact same position in the Office of General Counsel, performing a range of work, which she acknowledged in her various jurisdictions. How do you decide whether they're materially the same? I'm sorry? How do you decide? You're saying that duties were materially the same on both sides, and that she hasn't alleged that they were materially different. I thought she was saying, I used to be an ethics specialist and now I'm not. If you were an ethics specialist before you went on leave and when you came back you didn't do anything at all about ethics, then wouldn't there be a difference? I mean, I believe that. Yes or no, is there a difference? No, I believe that she was still doing legal work within the Office of General Counsel. She acknowledged. I'm trying to get you to tell me how you measure. I think materially different. Material difference. For example, I found an Eighth Circuit case where they found an employee who had the same title and pay was not returned to the same position because before leave she was performing duties as a locomotive engineer, and after she was performing secretarial duties. So I think there has to be some allegation, and here's there's absolutely none, that she was performing work outside of her position. Do we care at all? I mean, I didn't see anywhere in your brief where you said, look, if you're returned to the same GSA 0905, argument's over. I believe we said that she was. We did say that she was returned to the exact same position in the General Counsel's office that she held prior to taking leave. Does that end the whole discussion of equivalence? I believe that it does. But the question here is whether she had a reasonable belief. And so we continue to also discuss whether she made a non-flawless allegation that she was in the alternative restored to an equivalent position. Because the standard here is a reasonable belief, maybe she didn't understand that FMLA was not violated by being returned to the same position, even though contrary to what Mr. Solomon stated, I believe there is in the record where her supervisor told her that she was not entitled to the same duties that she had, that she was entitled to be returned to a GS-13 position. Let me ask you this question, and it may not be terribly well-formed. In the world of district court litigation, when a complaint is dismissed under 12b-6 for basically failure of specificity to generate a plausible allegation, it is more or less required, certainly the nearly uniform practice, to give an opportunity to amend. Because maybe the plaintiff in writing the first complaint didn't appreciate how much detail to put in. Is there a counterpart to that in the board proceedings? Yeah, I believe that there is. Every appellant before the MSPB has a statutory right to appeal an initial decision to the full board. The full board will usually consider, we believe that jurisdiction is always before the board, and so Ms. Pierce could have gone before the full board and provided additional claims regarding jurisdiction and had essentially a chance to meet her burden if she didn't understand what it was below. But Ms. Pierce elected not to file administrative petitions for review. You're saying she could have filed an appeal to the full board and in that, added allegations that the full board then would have considered on the merits and the board would not have said, sorry, we're not considering any allegations except those that were before the AJ when she rendered her initial decision? On the merits, the board would only consider allegations that you raised below, but when we're discussing jurisdiction, the jurisdictional claims, the board says that jurisdiction is always before us, and so we will consider if you provide substantive claims and make a non-frivolous allegation before the board, the board would have considered those. Is the dismissal in this particular case against Ms. Pierce with prejudice or without prejudice? I believe it would be with prejudice because the administrative judge found that... Judge Toronto was referring to that in a district court setting, typically a dismissal 12B6 is not with prejudice, you can refile. No, Ms. Pierce could not have refiled this appeal with the administrative judge. It would have been determined to be precluded by collateral... And the way you look at what the full board can do is really not like an opportunity to amend because the full board reviews the record that was made in front of the AJ. But the board would consider jurisdiction... There isn't any analog in the MSPB world for what appears to be present in the district court setting where a party who has been dismissed for failure of a stated claim has a chance to recoup in the civil setting, but not in the administrative setting, according to you. Correct. There wouldn't be a parallel. Do you by any chance have a citation to offer off the top of your head for the point that because we're talking about what the board calls jurisdiction, the full board would have entertained additional elaboration of the allegations that had been originally made? Off the top of my head, no, but we state pretty frequently that jurisdiction is always before the board. I would be happy to submit a supplement if your honors would like with some cases saying that we will consider additional evidence and arguments regarding jurisdiction before the board. Anything further? If you have no further questions, the MSPB respectfully requests that you affirm the initial decision. Thank you, counsel. Mr. Solomon has two minutes for rebuttal. Thank you, your honor. Judge, you asked about subsequent corrective action. It was answered that we could have filed a claim with the full board. I believe it's discussed in the reply brief, but at the time that this decision came down, there was no board. From January 2017, the board lost quorum. It wasn't until the middle of last year that the board regained quorum. There were senators actively talking about not wanting to approve the board members because they didn't believe the board should exist. There was no indication of when the board would be back into having a quorum. On top of that, in a district court case, normally on something like this, there would be a reply. The procedure here is a matter of course in every case now. They submit this jurisdictional requirement where the appellant has to submit a jurisdictional statement. They have no idea if jurisdiction is actually going to be a contested issue when they submit this statement. Then there is a reply from the agency. The next thing in this case was a decision. There was no conference to discuss this further. There was no opportunity to provide a reply to the response. There was no opportunity to supplement the record. The parties had not gone through discovery, so there was no additional information on that end. Can I just double check? Was there also no opportunity either under rules or by invitation to, I'm just going to call this informally, seek reconsideration from the administrative judge? Not from the administrative judge. As pointed out, she could have sought reconsideration from the full board, but the board didn't exist. We didn't find that practical. Putting aside the non-existence of a quorum at the board level, do you agree that it's clear that you could have supplemented your jurisdictional allegations in a filing to the full board? Yes. However, there was no indication that the board would exist. At that point, there was three years of backlog, so we're talking about potentially a decision in 2026. A reconsideration of a jurisdictional issue. It was also stated that there was no sworn statements regarding exhaustion. I want to point out that on the MSPB filings, there's an option to say that these are facts known to me and declared under penalty of perjury, which she selected. Her jurisdictional statement is under oath, and she does allege that there was retaliation for OSC. It's also important to understand her underlying argument regarding the settlement ultimatum, which she argues on its face said that you're not allowed to go to OSC or these offers are off the table of a clean resignation. Your time has expired. Thank you.